United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REGINALD LAMOND HILEY,<br><br>    Defendant. | Case No.: CR 12-70404 MAG (KAW)<br><br>DETENTION ORDER |

## I.  DETENTION ORDER

Defendant Reginald Lamond Hiley is charged in a criminal complaint with violations of 21 U.S.C. §§ 846, 841(a)(1)(A) (Conspiracy to Distribute and to Possess with Intent to Distribute 5 Kilograms or More of Cocaine) and 18 U.S.C. § 924(c)(1)(A) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime).  On April 13, 2012, the United States moved for Mr. Hiley's detention and asked for a detention hearing as permitted by 18 U.S.C. § 3142(f).  At the April 16, 2012,  hearing before this Court, Defendant waived the timing of his right to proffer information at a detention hearing, *see* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise), and retained his right to raise any additional relevant information at a later hearing.

After considering the limited information available to the Court, and the factors set forth in 18 U.S.C. § 3142(g), the Court detains Mr. Hiley as presenting a serious risk of flight and finds that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case.  *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

1

## II.  CONCLUSION

The Court grants the Government's motion to detain Mr. Hiley as a serious risk of flight and a danger to the community.  Because Defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at any future time.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: April 16, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge